IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| NATALIE THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File |
| vs. | ) | No. _____ |
| | ) | |
| ENFORCERS PROTECTIVE | ) | |
| SERVICE, LLC., | ) | |
| | ) | |
| Defendant. | ) | |

# COMPLAINT

Plaintiff Natalie Thomas, by and through counsel, files this Complaint against Defendant Enforcers Protective Service, LLC for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* to recover unpaid wages, liquidated damages, prejudgment interest, costs, and attorneys' fees.

Plaintiff alleges as follows:

## PARTIES

1. Plaintiff Natalie Thomas is a resident of Georgia in this judicial district and division.

2. Defendant Enforcers Protective Service, LLC ("Defendant" or "Enforcers") is a Georgia corporation with its principal office address on file with the Georgia Secretary of State as 4361 Thorngate Lane, Acworth, GA, 30101.

3. Defendant's registered agent for service of process is T Lanar Briscoe, 4361 Thorngate Lane, Acworth, GA, 30101.

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this Northern District of Georgia pursuant to 28 U.S.C. § 1391. Defendant transacts business in this judicial district and the events giving rise to the claims herein occurred in this judicial district and division.

## COVERAGE UNDER THE FLSA

6. The relevant period for this lawsuit is three years prior to the filing of this lawsuit, July 29, 2018 through the present.

7. Plaintiff was employed by Defendant during the relevant period.

8. At all relevant times, Plaintiff was an "employee" of Defendant and covered under the FLSA, 29 U.S.C. §§ 201 *et seq*.

9. At all relevant times, Defendant was the "employer" of Plaintiff.

10. At all relevant times, Defendant had multiple employees, including Plaintiff, handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

11. At all relevant times, Defendant was an enterprise with annual gross

volume of sales made or business done of not less than $500,000.00.

## FACTS

12. Defendant owns and operates a security firm that provides security personnel for the protection of other businesses' premises and property.

13. Defendant had an annual gross volume of sales made or business done of not less than $500,000.00 during all relevant time periods.

14. Defendant hired Plaintiff as a security officer in approximately 2011.

15. Plaintiff is currently still employed by Defendant.

16. At all relevant times, Plaintiff was a non-exempt employee of Defendant and was promised a wage of $10.00 per hour for each hour worked as a security officer.

17. While Plaintiff's schedule varied from week to week, Plaintiff routinely worked in excess of forty (40) hours per workweek.

18. Defendant maintained records of hours that Plaintiff worked.

19. Plaintiff's job duties included, but were not limited to, securing premises and personnel by patrolling property; inspecting buildings, equipment, and access points; preventing losses and damage by reporting irregularities; informing violators of policy and procedures; and restraining trespassers.

20. In performing her job duties for Defendant, Plaintiff did not perform

executive functions or have any duties with regard to managing any aspect of Defendant's operations.

21.     In performing her job duties for Defendant, Plaintiff did not direct or supervise the work of any employees.

22.     In performing her job duties for Defendant, Plaintiff did not have the authority to hire or fire any employee or make suggestions or recommendations as to the hiring, firing, or changing the status of any employee.

23.     In performing her job duties for Defendant, Plaintiff did not exercise any discretion or independent judgment with regard to matters of significance.

24.     Plaintiff's job duties did not include primary work that requires knowledge of any advanced type in a field customarily acquired by prolonged, specialized, intellectual instruction or study.

25.     Plaintiff was denied earned wages while working for Defendant.

26.     At all times throughout the relevant period, Plaintiff was paid a flat rate for all hours worked, including but not limited to all hours worked in excess of forty (40) hours per workweek.

27.     Defendant willfully refused to pay Plaintiff properly for overtime compensation as required by federal law.

vi.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS – OVERTIME

1. Plaintiff repeats and realleges each paragraph above as though it were fully set forth at length herein.

2. At all times during the relevant period, Defendant was Plaintiff's employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

3. Plaintiff regularly worked in excess of forty (40) hours per workweek during the relevant period6.

4. At all times during the relevant period, Defendant employed Plaintiff within the meaning of the FLSA.

5. At all times during the relevant period, Defendant had a uniform policy and practice of willfully refusing to pay Plaintiff appropriate overtime compensation for all hours worked in excess of forty (40) hours per workweek.

6. As a result of Defendant's willful failure to pay Plaintiff at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per workweek, Defendant violated the FLSA, 29 U.S.C. §§ 207(a)(1) and 215(a).

7. Defendant's conduct constitutes a willful violation of the FLSA

within the meaning of 29 U.S.C. § 255(a).

8.     Due to Defendant's FLSA violations, Plaintiff was damaged and is entitled to recover from Defendant compensation for unpaid overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff demands a trial by jury and requests that this Court grant the following relief against Defendant:

A. An award of unpaid compensation for overtime wages to Plaintiff;

B. An award of all liquidated damages for unpaid overtime wages to Plaintiff;

C. An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff; and

D. Such other and further relief as this Court deems just and proper.

Respectfully submitted this July 29, 2021.

                                              **HALL & LAMPROS, LLP**

                                              /s/ *Gordon Van Remmen*
                                              Christopher B. Hall
                                              Ga Bar No. 318380
                                              Gordon Van Remmen
                                              Ga. Bar # 215512

400 Galleria Parkway
Suite 1150
Atlanta, GA 30339
(404) 876-8100 telephone
(404) 876-3477 facsimile
chall@hallandlampros.com
gordon@hallandlampros.com

*Attorneys for Plaintiff*


Plaintiff's counsel certifies that this complaint is in 14-point Times New Roman font.